

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR TODD,                               )     CASE NO.    5: 13 CV 782
                                          )                 5: 11 CR 536
          Petitioner,                     )
                                          )     JUDGE DONALD C. NUGENT
     v.                                   )
                                          )     MEMORANDUM OPINION
UNITED STATES OF AMERICA,                 )     AND ORDER
                                          )
          Respondent.                     )

This matter comes before the Court on a Petition Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons stated below, the

Petition (Document #410) is DENIED.

### Factual and Procedural History

Petitioner, Oscar Todd, was charged on November 22, 2011, with conspiracy to possess

with intent to distribute and distribution of cocaine, cocaine base, and heroin in violations of

21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(C) and 846 (Count 1). The indictment

also included a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm

(Count 15).

Subsequently, Todd, represented by defense attorney John Greven, entered a guilty plea

pursuant to a written plea agreement with the government. Prior to accepting the plea agreement,

the Court read the entirety of its terms in open court. Thereafter, Todd signed the agreement and the Court accepted his plea of guilty.

On August 9, 2012, Todd was sentenced to the custody of the Bureau of Prisons for a period of 125 months on Count 1 and 120 months on Count 15 to run concurrent. Todd was also ordered to pay a special assessment in the amount of $200 and two firearms were forfeited. Counts 7, 9, 10, 13 and 18 against Todd were dismissed pursuant to the plea agreement.

Petitioner timely filed his 28 U.S.C. § 2255 Petition with this Court on April 9, 2013, seeking to vacate and/or correct his sentence. Petitioner sets forth four grounds for relief: (1) his attorney, Mr. Greven, did not file a notice of appeal after judgment, contrary to Petitioner's request; (2) his attorney failed to object to the consolidation of the charges, which resulted in the District Court's misapplication of the sentencing guidelines; (3) he unintentionally plead guilty because his attorney failed to explain USSG § 1B1.2; (4) his waiver of the right to appeal was a result of ineffective assistance of counsel. *See* Document #410. The United States Attorney filed a Response to Petitioner's Motion May 16, 2013.

### Discussion

Petitioner seeks to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, which states, in pertinent part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner waived his right to bring a proceeding under 28 U.S.C. § 2255 in accepting his plea agreement. "Once the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152,

164 (1982). However, despite signing the plea agreement and having the terms read in open court, Petitioner claims his waiver of right to appeal was not made knowingly and intelligently because of ineffective assistance of counsel.

In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 687 (1984). The Court must recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner asserts four claims of ineffective assistance of counsel, which the Court addresses below.

## Petitioner's Claims of Ineffective Assistance of Counsel

Petitioner argues that he received constitutionally ineffective assistance of counsel because (1) his attorney, Mr. Greven, did not file a notice of appeal after judgment, contrary to Petitioner's request; (2) his attorney failed to object to the consolidation of the charges, which resulted in the District Court's misapplication of the sentencing guidelines; (3) he unintentionally pled guilty because his attorney failed to explain USSG § 1B1.2; (4) his waiver of the right to appeal was a result of ineffective assistance of counsel.

In order to vacate a judgment based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in *Strickland. Id.* at 668. Under *Strickland*, the Petitioner must (1) show that the counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness," *Id.* at 687-88, and, (2) demonstrate that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the

3

proceedings would have been different." *Id.* at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

As an initial matter, the Court notes that the allegations in Todd's petition are not detailed and are not supported by specific facts or citations to legal precedent. To be entitled to a hearing, a petitioner must set forth detailed factual allegations, which, if true, would entitle him to relief under § 2255. *See Machibroda v. United States*, 368 U.S. 487, 496 (1962); *Adkins v. United States*, 421 F.2d 692, 693 (6th Cir. 1970). A petitioner seeking to vacate a sentence or judgment pursuant to 28 U.S.C. § 2255 has the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980). Petitioner has not met this burden because his claims are unsupported and is therefore not entitled to relief.

Petitioner's argument, that he received inefficient assistance of counsel because his attorney did not file a notice of appeal after judgment, is without merit. Mr. Greven executed an Affidavit stating that he reviewed the plea agreement with Todd in great detail prior to sentencing. This discussion included Todd's waiver of appeal rights.

Petitioner next argues that his counsel was deficient by failing to object to the consolidation of the charges in determining his base offense level; this is also without merit. In his plea agreement, Todd agreed to a base offense level of 30, representing at least 213 grams of crack cocaine pursuant to USSG § 2D1.1. Two levels were added for the specific offense characteristic of possession of a firearm pursuant to USSG § 2D1.1(b). Three levels were subtracted for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b) resulting in an adjusted offense level of 29. A Presentence Investigation Report concluded the same adjusted offense level of 29. The Court determined Todd's criminal history category to be IV as a result

4

of receiving nine criminal history points for six adult criminal convictions. Therefore, Todd's USSG range was 121 to 151 months. Moreover, Todd received a low-end guideline sentence of 125 months on Count 1 (drug conspiracy) and 120 months on Count 15 (felon in possession of a firearm), held to run concurrently.

In his third argument, Petitioner's states he was unaware of the terms in his plea agreement. However, Todd signed a written plea agreement on May 31, 2012, that he reviewed with his attorney in great detail. That plea agreement was read fully in open court to Todd prior to the Court's acceptance of his guilty plea as to Counts 1 and 15. Therefore, this claim is insufficient.

Petitioner's fourth argument, stating that his waiver of the right to appeal was a result of infective assistance of counsel, lacks merit. After Todd was sentenced, Attorney Greven discussed with him the limited right to appeal because he was sentenced within the advisory guideline sentencing range. In Mr. Greven's Affidavit, he states that Todd "verbally expressed his desire not to appeal his sentence at the conclusion of their discussion."

After reviewing the record of this case, the Court concludes that Mr. Greven's performance did not fall below the objective standard of reasonableness. Rather, the record reveals that Mr. Greven acted diligently and professionally on Petitioner's behalf. Petitioner's claims fail the first prong of the *Strickland* test. As a result, Petitioner's claims of ineffective assistance of counsel are denied.

### Evidentiary Hearing is Unnecessary

Pursuant to 28 U.S.C. § 2255, the district court shall "grant a prompt hearing" to address a prisoner's claims "unless the motion and the files and the records of the case conclusively show

5

that the prisoner is entitled to no relief." A petitioner is entitled to an evidentiary hearing under § 2255 only if the court determines such a hearing is necessary.

After thorough review of the record, this Court has determined that Todd has not met his burden, by the preponderance of the evidence, and his motion is denied, without the necessity of an evidentiary hearing. See *Bryan v. United States*, 721 F.2d 572 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984).

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document #410) is DENIED in its entirety and the Petition is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); **Fed. R. App. P.** 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _June 14, 2013_

8